

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **Adam Bevelacqua**<br>*Senior Counsel*<br>Tel.: (212) 356-2105<br>Fax: (212) 356-3509<br>abevelac@law.nyc.gov |

April 29, 2025

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadmen Plaza
New York, New York 11201

        Re:    <u>Broomes v. City of New York, et al.</u>, 22-CV-2807 (PKC) (MMH)

Your Honor:

        I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendants in the above-referenced case. Pursuant to the Court's Individual Rules and Practices regarding discovery disputes, I write in response to plaintiff's April 22, 2025 letter requesting the Court to order defendants to respond to two interrogatories that exceed the 25 allowed under FRCP Rule 33. Dkt. No. 62. However, I have deviated from the Court's Rule V(B)(1)(b) governing discovery disputes because, instead of filing their motion as a "Motion," plaintiff filed Docket Number 62 as a "letter," and so ECF does not allow me to respond properly as a "Motion" and, thus, limits my ability to respond by also submitting a letter.

        After conferring with plaintiff's counsel, defendants maintain our objections to Interrogatories 8 and 9 for exceeding the 25 interrogatories allowable under Rule 33. Plaintiffs did not seek defendants consent before submitting interrogatory requests in excess of the 25 allowed. Furthermore, plaintiffs have not made a "particularized showing to exceed the limit." *Yong Biao Ji v. Aily Foot Relax Station Inc.*, 19 Civ. 11881 (VB) (JCM), 2021 WL 1930362, at *5 (S.D.N.Y. May 12, 2021) (citing *Douglas v. Harry N. Abrams, Inc.*, 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016)).

        Interrogatory 8 is overbroad and unduly burdensome, requesting information about any type of civil settlement where the underlying criminal case involved a *Monell* claim against the Kings County District Attorney's Office ("KCDA") for an alleged *Brady* violation over a twelve

year period. Defendants first note that Interrogatory 8 requests civil lawsuit information about settlements from 2000-2012 that would be publicly available for plaintiffs to search on their own. Furthermore, the criterion that plaintiff requests is overbroad, seeking largely irrelevant information, and unduly burdensome. In *Connick v. Thompson*, 563 U.S. 51, 66 (2011), the Supreme Court held that plaintiff could not hold the municipality liable under *Monell* for failing to train its prosecutors on *Brady*. Law school requirements, bar admission requirements and examinations, on-the-job experience, continuing legal education requirements, and ethical obligations, including the duty to disclose *Brady* material, were more than sufficient to equip prosecutors in this regard. *Id.* at 64–68. Additionally, the Court also found that four reversals for factually dissimilar *Brady* violations failed to satisfy the exacting standards of establishing *Monell* liability against the District Attorney. The failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton* v. *Harris*, 489 U. S. 378, 388. Deliberate indifference in this context requires proof that city policymakers disregarded the "known or obvious consequence" that a particular omission in their training program would cause city employees to violate citizens' constitutional rights. *Board of Comm'rs of Bryan Cty.* v. *Brown*, 520 U. S. 397, 410. Pp. 6–9. In this specific case, plaintiff's *Monell* claim relies on the peculiar theory that KCDA should have known to train Assistant District Attorneys—who, as a matter of course, have no direct communication with criminal defendants—on how to evaluate a criminal defendant's mental capacity and to disclose to defense attorneys—who, as a matter of course, communicate directly with their clients at length—the prosecutor's potential suspicions of a criminal defendant's lack of mental competence. Based on this theory, plaintiff claims that KCDA failed to provide "adequate training…to detect and report apparent mental impairment of suspects and arrestees that may impact their guilt." Plaintiff's Second Amended Complaint, ¶ 85. Despite this factually unusual theory, Interrogatory 8 requests a far greater amount of information regarding a far larger amount of potential cases over the course of 12 years that would fail to provide relevant information pursuant to *Connick*, where the Court limited the relevance to factually similar cases. In short, plaintiff requests voluminous information about cases that would not be useful for proving *Monell* liability pursuant to *Connick*.

Defendants also note that plaintiff has completed the deposition of Nancy Hoppock on February 24, 2025, who acted as a 30(b)(6) witness for KCDA. Plaintiff's counsel, Richard Levitt, had the opportunity to ask numerous questions about KCDA policies and procedures that relate to this interrogatory, including whether KCDA had notice about the unusual circumstances of this case as a result of previous similar lawsuits relating to *Brady* claims and a prosecutor's alleged duty to report on a criminal defendant's mental capacity. Rather than requesting an overbroad list of general lawsuits or settlements via an excessive interrogatory, the deposition of Nancy Hoppock provided the proper opportunity to try to establish *Monell* liability by exploring this alleged pattern of deliberate indifference.

Interrogatory 9 requests information that, pursuant to New York State Criminal Procedure Law section 190.25 ("CPL § 190.25") and New York Penal Law section 215.70 ("NYPL § 215.70"), is inappropriate to request in this interrogatory, as the thrust of this interrogatory requests detailed information about secret Grand Jury proceedings in state court. As plaintiff's counsel is aware, based on prior conversations, in order to gain information about Grand Jury proceedings, plaintiff would need to pursue an unsealing order to seek this sealed information. Certainly, attorneys have sought such information in other cases. Pursuant to CPL § 190.25, we would be unable to obtain the requested information absent a court order. Pursuant to NYPL § 215.70, it

could be a crime to divulge information from the Grand Jury proceedings without a court order. Plaintiff cannot simply avoid seeking an unsealing order by requesting the information in an interrogatory.

       For these reasons, defendants request that the Court deny plaintiff's motion. Thank you for your consideration of this matter.

                                           Respectfully submitted,

                                           /s/ *Adam Bevelacqua*

                                           Adam Bevelacqua
                                           *Senior Counsel*
                                           Special Federal Litigation Division

cc:      **By ECF**
         *Attorneys for Plaintiff*