# LEVITT & KAIZER
### ATTORNEYS AT LAW
40 FULTON STREET
SUITE 1702
NEW YORK, NEW YORK 10038-1850

RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

ZACHARY SEGAL
zsegal@landklaw.com

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4040

\*   ADMITTED IN NY, FLA., AND D.C.

August 8, 2025

**Via ECF**

Hon. Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                       Re:  *Broomes v. City of New York, et al.,*
                              (PKC)(MMH)

Dear Judge Henry:

      The Court should deny the City's August 7, 2025, motion to reconsider (Doc. 70) that much of the Court's July 7, 2025, order requiring defendants "to provide to plaintiff, in response to Interrogatory No. 8, a list of 'civil lawsuits premised on a Monell theory brought against the City of New York between 2000 and 2012 alleging [that the Kings County District Attorney's Office "KCDAO"] withheld Brady/Rosario material that resulted in payment to the plaintiff' with the Court limiting this request to the years 2007-2012.'" Doc 70 at 1.

      The first reason the Court should deny Defendants' motion is that it is untimely. SDNY/EDNY Local Civil Rule 6.3 provides, "Unless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Here, Defendant's motion for reconsideration has been filed 31 days after the court's Order. *See Superb Motors Inc. v. Deo,* No. 23-CV-6188 (JMW), 2025 WL 1766225, at \*1 (E.D.N.Y. June 26, 2025) (JMW) ("Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. <u>Failure to comply with these requirements warrants denial of the motion</u>.") (emphasis added); *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1456754, at \*2 (E.D.N.Y. May 21, 2025) ("Mr. Thomasson's request fails both procedurally and substantively. *First*, Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," which here, the time to do so has grossly passed. *See* Loc. Civ. R. 6.3"). Defendants, of course, were free to appeal this Court's order to Judge Chen within 14 days; having failed to do so, it can no longer assign error. *See* Fed. R. Civ. P. 72 ("(a) Nondispositive Matters. … A party may serve and file objections to the order within 14

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Marcia M. Henry
August 8, 2025
Page-2-

days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *see also Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 585 (2d Cir. 2003) ("the failure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal.")

The second reason the Court should deny Defendant's motion is that Judge Chen has already ruled that the Complaint states a plausible *Monell* claim against the City based on the KCDA's failure to adequately train its Assistants regarding its *Brady* obligations on the alleged facts:

> The Court finds that the Amended Complaint plausibly states a Monell claim based on the failure to train, discipline, or supervise KCDA personnel with respect to their Brady obligations during the relevant time frame.

Doc 50 at 26; *Broomes v. City of New York*, No. 22-CV-2807 (PKC), 2024 WL 3823031, at *12 (E.D.N.Y. Aug. 13, 2024). Interrogatory 8 derives directly from this holding and seeks support for precisely the issue that Judge Chen said we could pursue. *See Kelly v. LCL Constr. Servs. LLC*, No. 2:23-CV-7566 (NJC) (AYS), 2025 WL 1787169, at *2 (E.D.N.Y. June 27, 2025) (under Local Rule 6.3, "Courts should grant reconsideration only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (cleaned up); *Blue Castle (Cayman) Ltd. v. Jones*, No. 2:24-CV-953 (NJC) (ARL), 2025 WL 51215, at *1 (E.D.N.Y. Jan. 8, 2025) ("Plaintiff has not identified any intervening change in controlling law, new evidence, mistake, or the need to correct clear error that would warrant reconsideration under Rules 59, 60, or Local Rule 6.3."). The City has satisfied none of these criteria.

The third reason the Court should deny the City's motion is that the City fails to show the Court "the matters or controlling decisions which the moving party believes the court has overlooked." Rather, as the City itself implicitly concedes, it merely takes the opportunity, ostensibly through the vehicle of "reconsideration," to provide the Court "addition[al]" arguments in support of denying Plaintiff's motion to require the City to answer Interrogatory 8, explaining:

> <u>In addition to defendants' previous objections</u>, a response to Interrogatory No. 8, even for the more limited five-year time period, should be denied because this material would provide no relevant discoverable information and no support for plaintiff's Monell claim. Furthermore, this information would be inadmissible both at summary judgment and at trial.

Doc. 70 at 1 (emphasis added). Seeking reconsideration based on "additional" arguments is a clear abuse of the motion to reconsider. Local Rule 6.3 explicitly governs motions for reconsideration and reinforces the prohibition against introducing new arguments. *See*

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. Marcia M. Henry
August 8, 2025
Page-3-

*Hogan-Cross v. Metropolitan Life Ins. Co.*, 568 F.Supp.2d 410, 413 (S.D.N.Y. 2008) (motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court.") (cleaned up, cites omitted); *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F.Supp.3d 390 (S.D.N.Y. 2013) ("motion to reconsider is not an opportunity "to put forward additional arguments which the movant could have made, but neglected to make before judgment," quoting *Goldstein v. New York*, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)); *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (observing that Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.") (internal quote marks and citations omitted).

Therefore, because the City's application is untimely; meritless; and improperly based on "additional" grounds for relief, it should be denied.

Respectfully submitted,

Richard Levitt

cc: Adam Bevelacqua, Esq.