UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LIVINGSTONE BROOMES,

Plaintiff,

- against -

CITY OF NEW YORK and DETECTIVE VICTOR PARIBELLO,

Defendants.
-------------------------------------------------------x

**ORDER GRANTING MOTION TO AMEND RULE 26 DISCLOSURE**
22-CV-2807 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff has moved to amend his Federal Rule of Civil Procedure ("Rule") 26 disclosures pursuant to Rule 37(c)(1) which permits a party to use a witness not disclosed under Rule 26 where the failure to disclose "was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1). (*See* Mot. Amend Pl.'s Rule 26 Disclosure ("Mot. Amend"), Dkt. 87.) Specifically, Plaintiff seeks to amend his disclosures to include Pearson Best, Plaintiff's brother. No trial has been set in this matter, and briefing on Defendants' motion for summary judgment is partially complete but stayed pending the resolution of this Rule 26 motion. For the reasons described below, the Court grants Plaintiff's motion.

The Second Circuit has established a four-factor test for determining whether to exclude a late-disclosed witness, in which the district court is to consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (citation omitted).

As to the "explanation for the failure" to disclose this proposed witness, Plaintiff claims it was a purely "inadvertent omission." (Mot. Amend, Dkt. 87, at 2.) Defendants do not dispute this explanation and do not claim that the failure was a strategic move in bad faith, and instead argue that neglect is an insufficient justification. (*See* Def.'s Opp'n Mot. Amend Pl.'s Rule 26 Disclosure ("Opp'n"), Dkt. 88, at 2.) The Court agrees that Plaintiff's counsel's neglect is not a sufficient explanation, but the inadvertent nature and apparent good faith efforts to address the omission lead the Court to find that this factor weighs only slightly in Defendants' favor.

As to the "importance of the testimony" of Plaintiff's brother, Plaintiff argues that it is important because the witness is familiar with how obvious Plaintiff's mental deficiencies would have been at the time of his prosecution, and his testimony therefore "directly supports the *Brady*/due process claim that the arresting officer knew Plaintiff was cognitively impaired but failed to disclose that fact to the KCDA." (Mot. Amend, Dkt. 87, at 3.) Defendants argue that the testimony is potentially inadmissible pursuant to Federal Rule of Evidence 602 given the witness' lack of personal knowledge on the subjects to which he intends to testify. (Opp'n, Dkt. 88, at 2–3.) This argument does not technically go to the importance of the brother's testimony, only to its admissibility, the suggestion being that it is not important because it won't be admitted. If Defendants are correct, that issue can be addressed via motions *in limine*. In any event, it appears the brother's testimony will be relevant to a key fact in this case. Accordingly, this factor weighs in Plaintiff's favor.

As to the "prejudice suffered" by Defendants "as a result of having to prepare to meet the new testimony," Plaintiff argues that Defendants will suffer no prejudice because Defendants can depose the witness, the subject matter of his testimony was already the subject of discovery, and summary judgment briefing is still ongoing. (*See* Mot. Amend, Dkt. 87, at 3.) Defendants argue

that "even if [they] have the opportunity to depose [the witness], they are still prejudiced as they had no opportunity to explore further discovery as to his testimony, such as question [P]laintiff at his deposition regarding his contact with [the witness] or the facts set forth in [the witness'] affidavit." (Opp'n, Dkt. 88, at 3.) Defendants further explain that "[e]ven if [D]efendants are permitted to reopen [P]laintiff's deposition to question him on his relationship with [the witness], [P]laintiff's recollection will likely have faded and so defendants will be prejudiced by not having the opportunity to question [P]laintiff on this witness at his deposition years ago." (*Id.* at 2 n.1.) The Court concludes that the opportunity for Defendants to depose the witness and to reopen Plaintiff's deposition, as well as pursue limited additional discovery, sufficiently cures any potential prejudice that Defendants would otherwise suffer. Defendant's only argument of specific prejudice is their speculative claim that "[P]laintiff's recollection will likely have faded," which is undermined by the fact that discovery closed only earlier this year, and so the failure to disclose would be responsible for, at most, less than one year of potentially faded memory with regard to events that took place more than 15 years ago. When accounting for Defendants' ability to depose the witness, reopen Plaintiff's deposition, and seek limited additional discovery, there is no prejudice to Defendants, and accordingly this factor weighs in favor of Plaintiff.

Finally, as to "the possibility of a continuance," Defendants concede that this factor does not weigh in their favor given that trial is not yet scheduled. (*See* Opp'n, Dkt. 88, at 3.) The Court acknowledges that summary judgment briefing has begun, which somewhat complicates the introduction of a new witness, but Defendants have not yet filed their reply brief, and will have the opportunity to address this new witness in that reply brief. Therefore, this factor weighs in favor of Plaintiff.

The parties are directed to meet and confer regarding how to best proceed with respect to (1) whether Defendants intend to depose the witness and when, (2) whether Defendants intend to reopen Plaintiff's deposition and when, (3) whether Defendants believe additional limited discovery, beyond the depositions, is necessary, and when it can be completed, and (4) when it is appropriate for Defendants to file their reply in support of their motion for summary judgment. The parties shall **file a joint status report addressing these topics no later than October 26, 2026**. Defendants' deadline to file their reply, as stated in the Court's September 16, 2026 Scheduling Order, is adjourned *sine die*.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 5, 2026
Brooklyn, New York